■ MAYER-BEATON CORPORATION, Appellant, v SCL ENTERPRISES, INC., et al., Respondents. — Appeal from an order of the Supreme Court, New York County (Wright, J.) entered December 3, 1982 dismissed, without costs, as superceded. Resettled order of the Supreme Court, New York County (Wright J.) entered January 3, 1983, modified, on the law, to the extent of dismissing the first counterclaim and the fourth affirmative defense of defendants SCL Enterprises, Inc., and Carl J. Weiner, and the third affirmative defense of defendant Gobrili, and, except as so modified, affirmed, without costs. Defendant Weiner was employed by plaintiff Mayer-Beaton, as head of its blouse division. That division was a "private label" operation. It manufactured blouses in accordance with designs and specifications given by its customers, usually department stores, which were sold under the customers' labels. Defendant Gobrili was a pattern maker employed by Mayer-Beaton. Both Weiner and Gobrili were employed under oral agreements terminable at will. It is undisputed that neither was bound by a restrictive covenant. In the fall of 1980 Weiner sought to obtain a raise in salary. The quest proved unavailing. Moreover, Weiner was convinced that the interest of Mayer, the president of plaintiff, lay mainly in the firm's hosiery division and that it was a question of touch and go as to whether the blouse division would be closed down. Accordingly, he began to cast about for new employment opportunities. In January, 1981 Weiner met Stuart Samuels of Nicole Shirt, Ltd. Nicole was also in the "private label" blouse business, a facet of its operations which it desired to expand. Admittedly, Weiner was still in the employ of Mayer-Beaton. Negotiations were initiated between them looking to the establishment of a "private label" blouse firm. These negotiations culminated in the formation, under Delaware law, of SCL Enterprises, Inc. on March 10, 1981. One day earlier Weiner resigned from Mayer-Beaton. A few days prior thereto Weiner informed Gobrili of his intentions and invited her to join him, an offer which she accepted on March 19. Nicole, rather than expand its own private label business, decided to operate through SCL. To assist SCL in starting up operations Nicole lent it $80,000. The wives of the two principals in Nicole, Samuels and Leonard Lang, each invested $1,500 in SCL and all four, together with Weiner, became stockholders of SCL and parties to a shareholders' agreement. It is undisputed that prior to leaving plaintiff's employ Weiner notified one of plaintiff's customers that he was leaving and establishing his own company and could not state with assurance that plaintiff would remain

in the blouse business. Additionally, while so employed, he obtained at least one order which was shipped by SCL subsequent to the commencement of its operation. Thereafter, plaintiff brought this action against SCL, Weiner, Gobrili, Nicole, and Samuels and Lang and their wives. Four causes of action were set forth seeking an injunction, an accounting, damages and punitive damages. Defendants, although appearing by the same attorneys, interposed various groupings of answers which included affirmative defenses and counterclaims. After discovery had been completed defendants moved for summary judgment. Plaintiff cross-moved for summary judgment against SCL and Weiner and to strike their affirmative defenses and counterclaims, and to strike the first, second and third affirmative defenses contained in the answers of all other defendants. Special Term granted defendants' motion for summary judgment to the extent of dismissing the action against the two Samuels, the two Langs and Nicole, permitting it to remain against SCL, Weiner and Gobrili. Plaintiff's cross motion was denied *in toto*. Plaintiff appeals from this determination. While it is true that Weiner does not dispute that he obtained at least one order for SCL while still employed by Mayer-Beaton and possibly deferred the taking of another until SCL commenced operation, it makes little sense to segregate these two comparatively minor items for an award of summary judgment when considered in the sweep of plaintiff's complaint. We think that Special Term properly questioned the conclusiveness of this limited proof since it would not further the outcome of the litigation or obviate the necessity for a complete trial of the issues. Indeed, it might make for further litigation for it would necessitate an accounting at the present time added to the possibility of a further accounting should plaintiff ultimately prove successful on some or all of the balance of its claim. As to the injunction, plaintiff's right thereto is subject to serious question inasmuch as Weiner was not bound by any restrictive covenant and plaintiff's reference to customer lists, readily ascertainable by those in the business, and trade secrets is of doubtful validity (cf. *Leo Silfen, Inc. v Cream*, 29 NY2d 387). Accordingly, we hold that the granting of summary judgment to plaintiff was properly denied. However, we are of the opinion that Special Term erred in refusing to dismiss the fourth affirmative defense and first counterclaim of SCL and Weiner. The facts alleged, which form the basis of the defense and the affirmative claim, may be sustainable as an abstract proposition of law. They bear no relationship to the facts before us. They should be stricken. Finally, the third affirmative defense of Gobrili, which refers to some unspecified Statute of Limitations, should also be stricken. Concur — Murphy, P. J., Sandler, Milonas and Alexander, JJ.